UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| PAUL M. WARNER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:04-CV-399 |
| | ) |
| MCMINN COUNTY, TENNESSEE; | ) MAGISTRATE JUDGE SUSAN K. LEE |
| SHERIFF STEVE FRISBEE, individually and | ) |
| in his official capacity; SERGEANT GREG | ) |
| WALKER, individually and in his official capacity; | ) |
| DEPUTY BENJI JORGENSON, individually | ) |
| and in his official capacity; DEPUTY | ) |
| J. P. ALLMAN, individually and in his official | ) |
| capacity, | ) |
| *Defendants*. | ) |

## MEMORANDUM

### I.    Introduction

Before the court is the motion of McMinn County Sheriff Steve Frisbee ("Frisbee") for summary judgment pursuant to Fed. R. Civ. P. 56 or, in the alternative, for dismissal pursuant to Fed. R. Civ. P. 12 [Doc. No. 23].[1] Plaintiff, Paul M. Warner, Jr. ("Warner"), has filed a response to Frisbee's motion [Doc. No. 32] conceding the motion should be granted. For the following reasons, Frisbee's motion for summary judgment under Fed. R. Civ. P. 56 will be **GRANTED**.

### II.    Background

Warner brought this action against defendants, including Frisbee, pursuant to 42 U.S.C. § 1983 [Doc. No. 1-1, ¶ 1]. He asserts claims of excessive force and unlawful seizure in violation of

---

[1] The court notes that in his motion [Doc. No. 23], defendant has spelled his surname "Frisbie", while in the plaintiff's pleadings as well as on the court's docket, defendant's surname is spelled "Frisbee." For the purposes of this memorandum and order, the court will use the spelling of defendant's surname as it currently appears on the court's docket, "Frisbee".

his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States as well as pendent state law claims of battery, false arrest, malicious prosecution, and unlawful seizure. *Id.*, ¶ 20. Warner alleges he was making an emergency drive to aid his father, who had gone into a diabetic coma on January 4, 2004. *Id.*, ¶ 9. According to Warner, while driving with his flasher lights blinking, he stopped for a red light at the intersection of Madison and south White Street in Athens, Tennessee, which is located in McMinn County. *Id.*, ¶¶ 9, 10.

Warner alleges Sergeant Greg Walker ("Walker"), Deputy Benji Jorgenson ("Jorgenson"), and Deputy J. P. Allman ("Allman") of the McMinn County Sheriff's department, turned a spotlight on Warner's vehicle and approached it with their weapons drawn. *Id.* at ¶¶ 10, 11. Warner alleges he tried to explain the nature of the emergency to Walker, Jorgenson, and Allman, but they continued to point their weapons at him, and Warner exited his vehicle and placed his hands on top of the automobile. *Id.*, ¶ 12. Warner alleges one of the three defendants then began kicking his feet, jerked him around, and threw him to the pavement. *Id.*, ¶ 13. Next, Warner alleges he was: (1) handcuffed while Warner and Jorgenson were on his back; (2) placed in a headlock by Allman who began hitting him with his fists; and (3) sprayed by Allman with a chemical weapon despite already being handcuffed. *Id.*, ¶¶ 13-15. Warner claims as the result of the excessive force used by Allman, Jorgenson, and Walker during and subsequent to his arrest he has "sustained severe, disabling and permanent injuries to wrists and face and has experienced humiliation, emotional distress, pain and suffering, has incurred substantial medical expenses, has lost income and will lose income in the future." *Id*, ¶ 16.

Warner also alleges Allman, Jorgenson, and Walker were acting under color of state (Tennessee) law on behalf of Frisbee and defendant McMinn County, Tennessee ("McMinn

County"). *Id.*, ¶ 17. He further alleges the abuse he suffered was an institutionalized practice which was known to and ratified by Frisbee and McMinn County. *Id.* Warner further alleges Frisbee and McMinn County: (1) had prior notice of the propensities of Allman, Jorgenson, and Walker and took no action to stop their abuses and (2) failed to properly train Allman, Jorgenson, and Walker resulting in his injuries. *Id.*, ¶¶ 18, 19.

Walker seeks: (1) compensatory damages for the alleged violation of his civil rights, excessive force, harassment, lost income, permanent injuries, and emotional, and mental anguish; (2) punitive damages; and (3) attorney's fees.

## III.     Frisbee's Motion for Summary Judgment or, in the Alternative, for Dismissal

Frisbee seeks summary judgment or, in the alternative, dismissal from this action "insofar as it is based upon the theory of *respondeat superior*, as that theory of liability does not apply to 42 U.S.C. § 1983 actions." [Doc. No. 24 at 2]. Frisbee also seeks summary judgment, or, in the alternative, dismissal of any state law claim asserted in this action pursuant to Tenn. Code Ann. § 8-8-301. *Id.* at 2-3. Finally, Frisbee seeks summary judgment or, in the alternative, dismissal of Warner's claim Frisbee "had prior notice of the propensities of defendants Walker, Jorgenson and Allman and took no action to stop such abuses" asserting this claim is: (1) conclusory; (2) not based on any specific act or omission on Frisbee's part; and (3) refuted by Frisbee's affidavit. *Id.* at 3.

In support of his motion, Frisbee submitted his affidavit dated June 17, 2005, which states:

> 1.     I am Steve Frisbie, Sheriff of McMinn County, Tennessee.
>
> 2.     I had no personal role in the attempted arrest of Paul M. Warner, Jr., nor did I have any personal knowledge of the attempt to arrest him made by deputies Greg Walker, Benji Jorgenson and J. P. Allman.

3.      My first knowledge of the event was after it actually occurred.

4.      To my knowledge, deputies Greg Walker, Benji Jorgenson and J. P. Allman are fully trained and POST certified.

5.      I have personal knowledge of the facts set forth in this my affidavit.

[Doc. No. 25].

In his response to Frisbee's motion, Warner states "for the Response to the Motion for Summary Judgment . . . for the limited purposes requested in the Motion it should be granted." [Doc. No. 32].

A.      **Summary Judgment Standard of Review**

In support of his motion, Frisbee has relied on matters outside the pleadings; namely, his affidavit. "If, on a motion . . . to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b). Because Frisbee's affidavit will not be excluded by the court, his motion will be treated and disposed of as a motion for a summary judgment under Rule 56. *Burke v. Johnson*, 167 F.3d 276, 280 (6th Cir. 1999).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

4

However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The court determines whether sufficient evidence has been presented to make an issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### B.   Analysis

*Warner's State Law Claims*

Frisbee seeks dismissal of Warner's state law claims of battery, false arrest, malicious prosecution, and unlawful seizure pursuant to Tenn. Code Ann. § 8-8-301, which provides:

> No sheriff, whether elected or appointed, nor any surety on the sheriff's bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by the sheriff, whether the deputy

is acting by virtue of office, under color of office or otherwise.

Tenn. Code Ann. § 8-8-301 (2005). It is undisputed that Warner's pendent state law claims of battery, false arrest, malicious prosecution, and unlawful seizure against Frisbee are predicated solely on the acts of deputies Allman, Jorgenson, and Walker. Thus, Walker's pendent state law claims are properly dismissed under Tenn. Code Ann. § 8-8-301 because the statute provides Frisbee with immunity from those state law claims. *Fults v. Pearsall*, 408 F. Supp. 1164, 1166 (E.D. Tenn. 1975); *O'Neal v. DeKalb County*, 531 S.W.2d 296, 296-97 (Tenn. 1975).[2]

However, Tenn. Code Ann. § 8-8-301 does not provide immunity to Frisbee from Warner's federal civil rights claims of excessive force and unlawful seizure in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Madewell v. Garmon*, 484 F. Supp. 823, 823-24 (E.D. Tenn. 1980); *Moore v. Buckles*, 404 F. Supp. 1382, 1383 (E.D. Tenn. 1975). "'Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law . . .'" *Moore*, 404 F. Supp. at 1383 (quoting *Hampton v. City of Chicago, Cook County, Illinois*, 484 F.2d 602, 607 (7th Cir. 1984), *cert. denied*, 415 U.S. 917 (1974)).

Accordingly, there is no genuine issue of material fact and as a matter of law, Frisbee is entitled to a summary judgment under Rule 56 on Warner's pendent state law claims of battery, false arrest, malicious prosecution, and unlawful seizure. Therefore, Frisbee's motion with respect to Warner's pendent state law claims of battery, false arrest, malicious prosecution, and unlawful seizure pursuant to Tenn. Code Ann. § 8-8-301, will be **GRANTED**.

---

[2] Both *Fults* and *O'Neal* refer to an earlier version of Tenn. Code Ann. § 8-8-301, Tenn. Code Ann. § 8 – 832. *Fults*, 408 F. Supp. at 1166; *O'Neal*, 531 S.W.2d at 196-97. However, the text of Tenn. Code Ann. § 8 – 832 and Tenn. Code Ann. § 8-8-301 are identical.

*Warner's § 1983 Claims of Excessive Force and Unlawful Seizure*

Frisbee seeks summary judgment on Warner's claims under § 1983 insofar as they are based on the theory of *respondeat superior* [Doc. No. 24 at 2]. Frisbee further seeks summary judgment on Warner's claims that Frisbee "had prior notice of the propensities of . . . Walker, Jorgenson and Allman and took no action to stop such abuses." *Id.* at 3. Frisbee contends Warner's allegation is conclusory and not based on any specific act or omission on the part of Frisbee. *Id.* Frisbee further claims his affidavit refutes Warner's allegation that he knew of the alleged propensities of Walker, Jorgenson, and Allman and failed to take any action. *Id.*

Liability under 42 U.S.C. § 1983 "will not be imposed solely on the basis of *respondeat superior*." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citing *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982)); *Ingram v. Jewell*, 94 Fed. Appx. 271, 272 (6th Cir. Mar. 24, 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1987)). The liability of supervisory personnel under § 1983 "must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 422 (6th Cir. 1984). In order to hold a supervisor liable under § 1983, "there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* A § 1983 plaintiff must, at a minimum, "show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (citing *Hays*, 668 F.2ds at 872-74). "Supervisory liability must be based on 'active unconstitutional behavior'; the 'mere failure to act' is insufficient." *Lane v. Martin*, Nos. 3:04-cv-560, 3:04-cv-590, 2005 WL 1606591, *2 (E.D. Tenn. 2005) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000)).

Further, a claim of failure to supervise or properly train under § 1983 "cannot be based on simple negligence." *Id.* (citing *Hays*, 668 F.2d at 872). "'A failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable [in § 1983] absent a showing that the official either encouraged the specific incident of misconduct or in some way directly participated in it.'" *Id.* (quoting *Hays*, 668 F.2d at 874). *See also Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (holding that a § 1983 plaintiff must prove that a supervisory officer "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on . . . Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act . . . and cannot be based upon simple negligence.")

Warner has alleged Frisbee had prior notice of the propensities of Allman, Jorgenson, and Walker, took no action to stop their abuses, and failed to properly train them. Warner has not alleged Frisbee encouraged the specific misconduct or in some other way directly participated in it. Frisbee has responded with uncontradicted sworn testimony in the form of his affidavit that he had no personal role in Warner's attempted arrest and no personal knowledge of the attempt to arrest him by Walker, Jorgenson, and Allman [Doc. No. 25, ¶ 2]. Frisbee also stated his first knowledge of the attempted arrest of Warner was after it actually occurred. *Id.* at ¶ 3. Frisbee also stated Walker, Jorgenson, and Allman are fully trained and POST certified. *Id.* at ¶ 4.[3]

Warner has not come forward with any evidence showing Frisbee either encouraged or directly participated in the alleged misconduct of Allman, Jorgenson, and Walker during the

---

[3] "Tennessee Code Annotated, Section 38-8-102 established the Tennessee peace officers standards and training commission (POST Commission). The Commission was established to develop, plan, and implement law enforcement training programs for local law enforcement officers in Tennessee, establish uniform standards and curriculum requirements for courses of study for training police officers." *Carter v. McWherter*, 859 S.W.2d 343, 345 (Tenn. Ct. App. 1993).

8

attempted arrest/arrest of Warner. In his affidavit, Frisbee has averred he had no knowledge of the attempted arrest of Warner and he only learned of the event after it occurred [Doc. No. 25, ¶ 2-3]. Not only has Warner presented no evidence challenging Frisbee's averments, in his response to the motion, Warner has conceded the summary judgement should be granted.

Similarly, in response to Frisbee's assertion that he did not participate and had no knowledge of the attempted arrest/arrest of Warner until after the occurrence, Warner has come forward with no evidence in support of his conclusory allegation that Frisbee knew of the alleged propensities of Allman, Jorgenson, and Walker and took no action to stop them. Again, in his response to the motion, Warner has conceded summary judgment should be granted.

Likewise, with respect to his claim that Frisbee failed to properly train Allman, Walker, and Jorgenson, Warner has not come forward with any evidence responding to Frisbee's evidence that Allman, Jorgenson, and Walker are fully trained and POST certified [Doc. No. 25, ¶ 5]. Also, as previously noted, Warner has conceded the relief requested in the motion should be granted.

Thus, to the extent Frisbee seeks summary judgment on Warner's § 1983 claims of excessive force and unconstitutional seizure against him based upon allegations of (1) a theory of *respondeat superior*; (2) prior notice of the propensities of Allman, Jorgenson, and Walker and a failure to stop their abuses; and/or (3) failure to properly train Allman, Jorgenson, and Walker, Frisbee's motion for summary judgment will be **GRANTED**.

All of Warner's claims against Frisbee will not be resolved as a result of this grant of summary judgment. In his complaint, Warner has alleged the abuse he allegedly suffered at the hands of Allman, Jorgenson, and Walker was an "institutionalized practice of the Defendants, Frisbee and McMinn County Tennessee, which abuse was known to and ratified by it." [Doc. No.

9

1 at ¶ 17]. "A supervisory official can be liable under § 1983 for formulating or tolerating unconstitutional policies." *Loy v. Sexton*, 132 Fed. Appx. 624, 628 (6th Cir. May 23, 2005) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)). Further, a supervisory official can also be held liable under § 1983 if "he failed subsequently to punish the responsible individuals." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990). In his motion, supporting memorandum, and affidavit, Frisbee has not addressed Warner's claim that the actions of Allman, Jorgenson, and Walker were the result of an institutionalized practice known to and ratified by Frisbee. Accordingly, Warner's claim against Frisbee asserting the actions of Allman, Jorgenson, and Walker on January 4, 2004 were the result of an institutionalized practice known to and ratified by Frisbee will proceed to trial.

## IV. Conclusion

For the reasons stated above, the court will **GRANT** Frisbee's motion for summary judgment [Doc. No. 23], and **DISMISS WITH PREJUDICE**: (1) Warner's pendent state law claims of battery, false arrest, malicious prosecution, and unlawful seizure against Frisbee; (2) Warner's § 1983 claims of excessive force and unconstitutional seizure against Frisbee insofar as they are based upon the theory of *respondeat superior*; (3) Warner's § 1983 claim that he suffered excessive force and an unconstitutional seizure as the result of the attempted arrest/arrest on January 4, 2004, because Frisbee had prior notice of the propensities of Allman, Jorgenson, and Walker and took no action to stop their abuses; and (4) Warner's § 1983 claim that he suffered excessive force and an unconstitutional seizure as the result of the attempted arrest/arrest on January 4, 2004, because Frisbee failed to properly train Allman, Jorgenson, and Walker. Warner's § 1983 claim that the excessive force and unconstitutional seizure he allegedly suffered at the hands of Allman, Jorgenson,

10

and Walker during the attempted arrest/arrest on January 4, 2004 was the result of an institutionalized practice which was known to and ratified by Frisbee has not been addressed in Frisbee's motion for a summary judgment and, therefore, will proceed to trial.

A separate Order shall enter.


s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE